IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BRACEY, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | NO. 05-CV-960 |
|     Defendants. | : | |

MEMORANDUM and ORDER

AND NOW, this   30th   day of March 2006, upon consideration of the Motion for Summary Judgment Nunc Pro Tunc (Doc. No. 24) filed by Defendants Brian Reynolds, Thomas Liciardello and Jeffrey Walker ("Defendant Police Officers") on February 10, 2006,[1] it is hereby ORDERED that Defendants' Motion is GRANTED.

On February 28, 2005, plaintiff filed a complaint against Defendant Police Officers and the City of Philadelphia, alleging false arrest, malicious prosecution and an illegal search of 4815 Locust Street, Apartment 202, Philadelphia, Pennsylvania ("4815 Locust Street, Apt. 202"). On December 29, 2005, this Court granted Defendant Police Officers' Motion for Judgment on the Grounds of Qualified Immunity.[2] In the Motion for Judgment, Defendant Police Officers did not address the legality of the search of 4815 Locust Street, Apt. 202. The alleged illegal search is

---

[1] Plaintiff's attorney has represented to this Court that he does not oppose Defendants' motion.

[2] The factual history of this matter is set forth in detail in this Court's December 29, 2005 Memoranda and Orders. See Doc. No. 19, 20.

1

the only remaining cause of action against any of the defendants.[3]

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). All reasonable inferences from the record are drawn in favor of the non-movant. See Anderson, 477 U.S. at 255. In a motion for summary judgment, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex v. Catrett, 477 U.S. 317, 325 (1986). After a moving party properly supports its motion for summary judgment, the non-moving party "must produce *affirmative evidence,*" which "must amount to more than a mere scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Williams v. West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989).

In his Complaint, plaintiff alleges that Defendant Police Officers unlawfully searched 4815 Locust Street, Apt. 202, in violation of his Fourth Amendment rights. The Fourth Amendment states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Defendant Police Officers argue that since they had a warrant supported by probable cause to search 4815 Locust Street, Apt. 202, they did not violate plaintiff's Fourth Amendment

---

[3] Defendant City of Philadelphia's Motion for Partial Summary Judgment was granted on December 29, 2005.

rights.[4] Defs' Mot. for Summ. J. at 6-8.

Defendant Police Officers argue that they had probable cause to believe that 4815 Locust Street, Apt. 202 would contain evidence of narcotics crimes. Id. at 8. This Court agrees. After observing a series of five transactions believed to be narcotics purchases at 4000 Brown Street, Defendant Liciardello observed plaintiff deliver clear plastic baggies to 4000 Brown Street in exchange for U.S. currency. Id., Ex. A. After the exchange at 4000 Brown Street, Defendant Walker followed plaintiff to 4815 Locust Street. Id. After observing plaintiff enter 4815 Locust Street, surveillance was terminated. Id. The following day, Defendant Walker observed plaintiff exit 4815 Locust Street, and, nineteen minutes later, Defendant Reynolds observed plaintiff arrive at 4000 Brown Street, meet with another individual, and exchange a clear baggie containing unknown objects for U.S. currency. Id. At this point, Defendants Reynolds and Liciardello stopped plaintiff and found $892 on his person. Id. Robert Adams, the man with whom plaintiff exchanged baggies for U.S. currency, was also stopped. Id. As the officers approached, Mr. Adams dropped a baggie containing a number of ziplock packets, all of which contained crack cocaine. Id. Defendant Liciardello looked inside plaintiff's wallet and found

---

[4] Defendant Police Officers also argue that plaintiff does not have standing to challenge the search of 4815 Locust Street because plaintiff has argued that he did not reside at 4815 Locust Street. Defs' Mot. for Summ. J. at 4-6 (citing plaintiff's statements in his response to defendants' prior summary judgment motion). Only a person with a reasonable expectation of privacy in a residence, like an overnight guest, may complain than an entry into a residence was unlawful. Minnesota v. Olson, 495 U.S. 91, 95-97 (1990); see also United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005). Making every reasonable inference in plaintiff's favor, this Court finds that while plaintiff did not reside at 4815 Locust Street, he may have had a reasonable expectation of privacy in 4815 Locust Street, as the evidence available could lead one to conclude that he was an overnight guest based upon the fact that he was observed entering the premises in the evening and exiting the following day, he carried identification that gave his address as 4815 Locust Street, and he had a receipt with his address as 4815 Locust Street.

plaintiff's Pennsylvania drivers license with the address of 4815 Locust Street and a RadioShack receipt that had plaintiff's address as 4815 Locust Street.  Id.

This information was submitted in an a sworn affidavit of probable cause in support of Defendant Police Officer's application for a search warrant for Apartment 202 at 4815 Locust Street in Philadelphia. Defs' Mot. for Summ. J. at 6; see also id., Ex. A.  Plaintiff has not provided any evidence that contradicts the sworn statements of Defendant Police Officers.  This Court finds that the warrant was supported by probable cause.[5]  Therefore, no constitutional violation occurred.  Accordingly, Defendant Police Officers Motion for Summary Judgment is granted.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.

---

[5] Plaintiff has not challenged any other aspect of the search of 4815 Locust Street.